# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AHRENS CONTRACTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 07-CV-387-WDS |
| | ) | |
| PACIFIC INSURANCE CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion to dismiss (Doc. 6) to which plaintiff has filed a response (Doc. 8), and defendant a reply (Doc. 10). Plaintiff filed its original complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging breach of contract and vexatious refusal to pay which allegedly occurred when defendant, an insurance company which insured the plaintiff under a commercial casualty and liability insurance policy, failed to pay plaintiff for claims it made under the policy. The defendants removed the case to this Court pursuant to 28 U.S.C. § 1332.

The defendant seeks dismissal on the grounds that the plain language of the policy of insurance includes a contractual suit limitation provision requiring that any claim be filed within two (2) years after the date on which the physical damage has occurred, and that the plaintiff did not timely file its loss claim. The record reveals that plaintiff's alleged losses occurred in January and June of 2004. On December 29, 2005, plaintiff filed its sworn proof of loss statement with the defendant, and coverage was denied by defendant on January 31, 2007. This cause of action was filed in the state court on February 9, 2007. The policy provides that the action must be filed "within 2 years after the date on which the physical loss or damage has occurred." The defendant asserts that the plaintiff's civil action, therefore, is untimely.

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to

decide the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus,* 127 S.Ct. 2197 (2007) (citing *Bell Atlantic v. Twombley,* 127 S.Ct. 1955, 1964 (2007)). When considering a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Moranski v. Gen. Motors Corp.,* 433 F.3d 537, 539 (7th Cir.2005). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 127 S.Ct. at 1964-65.[1]

## DISCUSSION

The record reveals that the plaintiff suffered a loss to its business on January 15, 2004, and June 8, 2004, and filed its complaint on February 9, 2007. Count I of the complaint seeks to recover for breach of contract. Count II seeks to recover statutory damages under 215 ILCS § 5/155. The defendant asserts that pursuant to the plain language of policy No. ZM00324005, a contractual suit limitation provision contained in the policy required that any action must be commenced "within 2 years after the date of the physical loss or damage has occurred." The defendant seeks dismissal of both counts with prejudice. Plaintiff asserts that it complied with the policy's contractual suit limitation provision because the policy include a tolling provision,[2] which should apply in this case, thereby rendering the complaint timely filed.

Under Illinois law, an insurance company's policy contractual limitations period is tolled

---

[1] The Seventh Circuit has held that when a complaint refers to and rests on a contract or other document that is not attached to the complaint, a court might be within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment, so long as the authenticity of the document is unquestioned. *Tierney v. Vahle,* 304 F.3d 734, 738-39 (7th Cir.2002).

[2] The provision in question provides that "the 2 year period for legal action against us is extended by the number of days between the date of the Proof of Loss is filed with us and the date we deny the claim in whole or in part." Policy, section D(s), Ex. B of Doc. 6.

from the date the insured files a proof of loss claim until the date the insurer finally denies the claim. 215 ILCS § 5/143.1[3] The proof of loss, however, must be in the form required by the policy. *Id. See also, Mathis v. Lumberman's Mut. Cas. Ins. Co.*, 822 N.E.2d 543, 547 (Ill. App. Ct. 2004). "The intent of section 143.1 is to prevent an insurance company from sitting on a claim, allowing the limitation period to run, thereby depriving an insured of the opportunity to litigate his claim in court." *Id. See, Vala v. Pacific Ins. Co.,* 695 N.E.2d 581 (Ill. App. Ct. 1998).

The complaint provides that the plaintiff made a demand on defendant, which was denied by letter on January 31, 2007. Defendant asserts that plaintiff's proof of loss claim filed December 29, 2005, was not in accordance with the terms and conditions of the policy because it was vague and incomplete. The policy provides that the plaintiff was to provide a "signed, sworn proof of loss containing the information [the defendant] request[s] to investigate the claim," and defendant claims that the proof of loss filed failed to segregate the claim according to damages attributable to the specific dates of loss, that defendant rejected the claim on January 12, 2006, and directed plaintiff to submit additional information related to the loss. This, however, is the quintessential question of fact. That is, did the plaintiff's proof of loss claim comply with the form required under the policy? If it did, then plaintiff's time to file its complaint was, arguably tolled. If not, then the defendant may be entitled to judgment under the policy terms. However, this is a summary judgment issue, at best, if not a jury question. Relief pursuant to Rule 12(b)(6) is not available.

Accordingly, the Court **DENIES** defendant's motion to dismiss on all grounds.

**IT IS SO ORDERED.**

---

[3] Section 143.1 provides that: "Whenever any policy or contract for insurance. . .which contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed . . .until the date the claim is denied in whole or in part." 215 ILCS § 5/143.1

**DATED:   March 13, 2008.**


                                        **s/ WILLIAM D.  STIEHL**
                                           **DISTRICT JUDGE**